UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STASON SUTTON,<br><br>    Plaintiff,<br><br>vs.<br><br>130-132 WEST 29TH STREET LLC, TONAL IMAGES, INC., and SCREEN ENGINE/ASI LLC,<br><br>    Defendants. | CASE NO.: 25-cv-6330-AS<br><br>**ANSWER TO SECOND AMENDED COMPLAINT, JURY DEMAND, CROSSCLAIMS AND <u>THIRD-PARTY COMPLAINT</u>** |
| 130-132 WEST 29TH STREET LLC and TONAL IMAGES, INC,<br><br>    Crossclaim/Third-Party Plaintiffs,<br><br>vs.<br><br>SCREEN ENGINE/ASI LLC and SUNSHINE SACHS MORGAN & LYLIS,<br><br>    Crossclaim/Third-Party Defendants. | |

Defendants 130-132 West 29th Street LLC ("Owner") and Tonal Images, Inc. ("Tenant" and together with Owner, "Defendants"), by way of Answer to the Second Amended Complaint of Plaintiff Stason Sutton ("Plaintiff"), say:

1.    Defendants admit the allegations set forth in paragraphs 4-6, 11, 60, 73, 158 and 162.

2.    Defendants deny the allegations set forth in paragraphs 7-8, 10, 12, 15-18, 72, 74-78, 131, 133-135, 159-161, 168-173, 177, 181, 183, 185-186, 188, 190, 192-194, 197-198, 212, 216-217, 219, and 235-236.

3.    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraphs 9, 20-31, 33-58, 61-70, 79-115, 123-126, 141, 146-157, 166-167, 174-176, and 240, and those allegations are therefore denied.

4. The allegations set forth in paragraphs 1-3, 13-14, 19, 32, 71, 116-122, 127-130, 132, 136-140, 142-145, 163-165, 180, 182, 184, 187, 189, 191, 195-196, 199-207, 209-211, 213-215, 218, 221-234, 238-239, and 241-243 purport to state a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. As to paragraph 59, Defendants admit that the Digital Arts premises is located on West 29th Street, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 59, and that allegation is therefore denied.

6. The allegations contained in paragraph 179 purport to state a conclusion of law to which no response is required. To the extent a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 as they relate to Plaintiff's medical and physical conditions, and Defendants therefore deny the allegations set forth in paragraph 179.

7. Defendants restate and repeat each and every response as set forth above in response to paragraphs 178, 208, 220 and 237 as though fully set forth herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

### Seventh Affirmative Defense

Plaintiff's claims barred, in whole or in part, by accord and satisfaction.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the contributory and comparative negligence of others.

### Ninth Affirmative Defense

Plaintiff's claims are barred for failure to join necessary and indispensable parties pursuant to Fed. R. Civ. P. 19.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate injury and his failure to mitigate damages.

### Eleventh Affirmative Defense

Plaintiff's claimed damages are too remote and speculative to form the basis for relief.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of contribution or indemnity.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as Plaintiff is not the real party in interest.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

### Fifteenth Affirmative Defense

Some or all of Plaintiff's claims asserted in the Second Amended Complaint are barred because all acts or omissions purportedly made were in good faith conformity with existing laws, administrative regulations, orders, rulings, approval and/or advice of third-party professionals.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff was not and never has been a bona fide patron of either of the Defendants.  To the extent Plaintiff visited the subject property, he did so for the sole purpose of fabricating standing and instituting the instant litigation.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred because any assertions that the subject property was not compliant with applicable statutes and that Plaintiff was not permitted access to the subject property were not made by Defendants or their representatives.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the claims are frivolous and without basis in fact or law.

### Reservation Of Additional Defenses

Defendants reserve the right to amend these affirmative defenses and to allege further affirmative defenses as appropriate.

**WHEREFORE**, Defendants demand (i) that the Second Amended Complaint, and each and every claim for relief as against Defendants therein be dismissed in its entirety and with prejudice, (ii) that Defendants be awarded their reasonable costs and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

## CROSSCLAIM AND THIRD-PARTY COMPLAINT

Defendants/Crossclaim Plaintiffs/Third-Party Plaintiffs 130-132 West 29th Street LLC ("Landlord") and Tonal Images, Inc. ("Tenant" and together with Landlord, "Third-Party Plaintiffs"), by and through their legal counsel, allege as follows for their Crossclaim and Third-Party Complaint against Cross-Claim Defendant Screen Engine/ASI LLC ("Screen Engine") and Third-Party Defendant Sunshine Sachs Morgan & Lylis ("SSM&L"):

## PARTIES AND JURISDICTION

1. Third-Party Plaintiffs repeat and reincorporate the allegations and responses contained in their Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

2. Upon information and belief, Screen Engine is a Delaware limited liability company with a mailing address of 12020 Chandler Boulevard, Suite 100, Valley Village, California 91607.

3. Upon information and belief, SSM&L is a New York limited liability company with a mailing address of 6 East 32nd Street, Third Floor, New York, New York 10016.

4. This Court has supplemental jurisdiction because the claims contained in this Crossclaim and Third-Party Complaint arise from the same transaction or occurrence as Plaintiff's claims.

## FACTUAL BACKGROUND

5. At all times relevant hereto, Landlord owned certain real property located at 130 West 29th Street in New York, New York (the "Property").

6. At all times relevant hereto, Landlord leased certain areas of the Property to Tenant, operator of the Digital Arts Theater (the "Theater") -- which was available for private rentals for screenings and events.

7. On or about June 3, 2025, the Theater was rented by Tenant to SSM&L for the purpose of a private screening of the film "Good Fortune" for members of the press.

8. Without Tenant's knowledge or consent, upon information and belief SSM&L decided to fill the extra seats in the Theater through Screen Engine -- an entity with which the Third-Party Plaintiffs had no contractual relationship.

9. Neither of the Third-Party Plaintiffs organized, hosted, or managed the event.

10. Screen Engine controlled admission, ticketing, and operation of the screening, including the selection of invitees, staff, and accessibility arrangements.

11. Any acts or omissions that caused or contributed to the alleged inaccessibility of the Theater on June 3, 2025, were under the control of Screen Engine and/or SSM&L.

12. If Plaintiff sustained any injury or was subjected to discrimination as alleged, such harm was the direct and proximate result of Screen Engine and/or SSM&L's conduct, and not of any negligence, wrongdoing, or statutory violation by the Third-Party Plaintiffs.

## CROSSCLAIMS AGAINST SCREEN ENGINE/ASI LLC

### FIRST CAUSE OF ACTION
### (Common Law Indemnification)

13. Third-Party Plaintiffs repeat and re-allege every allegation set forth in the previous sections, as if set forth at length herein.

14. At the time of the June 3, 2025 screening, Screen Engine had rented or otherwise obtained use of the Theater from SSM&L, and assumed responsibility for management, staffing, and audience control.

15. Screen Engine agreed, expressly or impliedly, to hold harmless and indemnify Landlord and Tenant against claims arising from Screen Engine's use and operation of the premises.

16. To the extent Plaintiff recovers any damages against Landlord and/or Tenant, those the Third-Party Plaintiffs are entitled to full indemnification from Screen Engine for all sums, including attorneys' fees and costs, arising from the claims alleged.

### SECOND CAUSE OF ACTION
### (Contribution)

17. Third-Party Plaintiffs repeat and re-allege every allegation set forth in the previous sections, as if set forth at length herein.

18. If Plaintiff sustained any injury or damages as alleged, such injury was caused, in whole or in part, by the acts and omissions of Screen Engine, including but not limited to its selection of an allegedly non-compliant venue, failure to provide temporary accommodations, and control over the screening operations.

19. Accordingly, Third-Party Plaintiffs are entitled to contribution from Screen Engine under applicable law for any judgment entered against them.

## THIRD-PARTY CLAIMS AGAINST SUNSHINE SACHS MORGAN & LYLIS

### FIRST CAUSE OF ACTION
### (Common Law Indemnification)

20. Third-Party Plaintiffs repeat and re-allege every allegation set forth in the previous sections, as if set forth at length herein.

21. At the time of the June 3, 2025 screening, SSM&L rented the Theater from Tenant for the stated purpose of a private screening of the film "Good Fortune" for members of the press, and assumed responsibility for management, staffing, and audience control.

22. SSM&L agreed, expressly or impliedly, to hold harmless and indemnify Landlord and Tenant against claims arising from SSM&L's use and operation of the premises.

23. SSM&L invited Screen Engine to use the Theater and either consented to or permitted Screen Engine's control of the event that gave rise to Plaintiff's allegations.

24. To the extent any liability is imposed on the Third-Party Plaintiffs, the Third-Party Plaintiffs are entitled to indemnification from SSM&L for all damages, attorneys' fees, and costs.

### SECOND CAUSE OF ACTION
### (Contribution)

25. Third-Party Plaintiffs repeat and re-allege every allegation set forth in the previous sections, as if set forth at length herein.

26. If Plaintiff sustained any injury or damages as alleged, such injury was caused, in whole or in part, by the acts and omissions of SSM&L, including but not limited to its selection of an allegedly non-compliant venue, failure to provide temporary accommodations, and control over the screening operations.

27. Accordingly, Third-Party Plaintiffs are entitled to contribution from SSM&L under applicable law for any judgment entered against them.

## PRAYER FOR RELIEF

WHEREFORE, the Third-Party Plaintiffs respectfully prays that judgment be entered (i) on the Crossclaims against Screen Engine for full indemnification and contribution for any sums awarded to Plaintiff, (ii) on the Third-Party Complaint against SSM&L for full indemnification and contribution for any sums awarded to Plaintiff, (iii) for reimbursement of the attorneys' fees and costs attendant to defending this action, and (iv) for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants/Third-Party Plaintiffs request a trial by jury of all issues in this case.

Dated:  Woodland Park, New Jersey             ANSELL GRIMM & AARON, P.C.
        November 12, 2025

                                                            By: *s/ Seth M. Rosenstein*
                                                             Seth M. Rosenstein, Esq.
                                                             365 Rifle Camp Road
                                                             Woodland Park, New Jersey 07424
                                                             Tel: (973) 247-9000
                                                             Fax: (973) 247-9199

                                                             *Attorneys for Defendants*
                                                             *130-132 West 29th Street LLC and*
                                                             *Tonal Images, Inc.*